## "EXHIBIT A"
## INDEX OF MATTERS BEING FILED

1) <u>ALL EXECUTED PROCESS</u>

   i. Notice of Service of Process for Defendant Dolgencorp of Texas, Inc.

2) <u>ALL PLEADINGS AND ANSWERS TO PLEADINGS</u>

   i. Plaintiff's Original Petition
   ii. Defendant Dolgencorp of Texas, Inc.'s Original Answer and Jury Demand

3) <u>ALL ORDERS SIGNED BY THE STATE JUDGE</u>

   i. No orders were entered.

4) <u>STATE COURT DOCKET SHEET</u>

5) <u>LIST OF ALL COUNSEL OF RECORD, INCLUDING ADDRESSES, TELEPHONE NUMBERS AND PARTIES REPRESENTED</u>

   <u>ATTORNEY FOR PLAINTIFF:</u>
   Jessica N. McKinney
   TBN: 2408760
   Bailey Vos
   TBN: 24105740
   **McKinney Vos, PLLC**
   9600 Great Hills Trail, Ste. 150W
   Austin, Texas 78759
   Telephone: (512) 457-8991
   Facsimile: (512) 359-5527
   jmckinney@mckinneyvos.com
   bvos@mckinneyvos.com

   <u>ATTORNEY FOR DEFENDANT:</u>
   Erik R. Wollam
   Texas Bar No.: 00788705
   Federal ID: 17663
   Lucero | Wollam, P.L.L.C.
   159 Flat Rock
   Wimberley, Texas 78676
   Telephone: (512) 485-3500
   Facsimile: (512) 485-3501
   Email: ewollam@lucerowollam.com

PRIVATE PROCESS

**Case Number: 2022CI03988**

Clara Soldani VS DOLGENCORP of TEXAS, Inc.
(Note: Attached Document May Contain Additional Litigants)

IN THE **285TH DISTRICT COURT**
BEXAR COUNTY, TEXAS

DELIVERED
3/15/22
By MSTPSCR15
Austin Process, LLC

**CITATION**

"THE STATE OF TEXAS"

Directed To:   **DOLGENCORP of TEXAS, Inc.**
**BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMOPANY**
**DBA CSC-LAWYERS INCO**

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00am on the Monday next following the expiration of twenty days after you were served this CITATION and PETITION a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org" Said Plaintiff's Original Petition was filed on this the 4th day of March, 2022.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT on this the 11th day of March, 2022

**JESSICA MCKINNEY**
**ATTORNEY FOR PLAINTIFF**
**9600 GREAT HILLS TRAIL STE 150W**
**AUSTIN TX  78759**



**Mary Angie Garcia**
**Bexar County District Clerk**
**101 W. Nueva, Suite 217**

San Antonio, Texas 78205
By: /s/ Janel Gutierrez
Janel Gutierrez, Deputy

---

| **CLARA SOLDANI VS DOLGENCORP OF TEXAS, INC.** | Case Number: 2022CI03988 |
|---|---|
| | 285th District Court |

**Officer's Return**

I received this CITATION on the _____ day of _____, 20_____ at _____ o'clock ____M. and ( ) executed it by delivering a copy of the CITATION with attached PLAINTIFF'S ORIGINAL PETITION the date of delivery endorsed on it to the defendant _____
in person on the _____ day of _____, 20____ at _____ o'clock ____ M. at _____ or ( ) not executed because _____.
Fees: _____ Badge/PPS #: _____ Date certification expires: _____
_____ County, Texas

BY: _____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

_____
**NOTARY PUBLIC, STATE OF TEXAS**

OR: My name is _____, my date of birth is _____, and my address is _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of _____, A.D., _____.

_____
**Declarant**

FILED
3/4/2022 5:58 AM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Laura Castillo
Bexar County - 285th District Court

CIT PPS SAC2

**2022CI03988**

CAUSE NO. _____

| | | |
|---|---|---|
| **CLARA SOLDANI,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | \_\_\_\_ **JUDICIAL DISTRICT** |
| | § | |
| **DOLGENCORP OF TEXAS, INC.,** | § | |
| *Defendant.* | § | |
| | § | **BEXAR COUNTY, TEXAS** |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF THIS COURT:

NOW COMES PLAINTIFF CLARA SOLDANI (hereinafter named "Plaintiff") and files this Plaintiff's Original Petition complaining of Defendant DOLGENCORP OF TEXAS, INC. (hereinafter named "Defendant").

### I. DISCOVERY PLAN LEVEL

1. Plaintiff requests that this lawsuit be governed by Discovery Plan Level 3 pursuant to Rule 190.4 of the Texas Rules of Civil Procedure.

### II. PARTIES

2. Plaintiff is an individual residing in Texas.

3. Defendant is a foreign limited liability company with its principal place of business in Tennessee. Pursuant to Tex. R. Civ. P. 28, Plaintiff requests that the true name of this business be substituted. Defendant may be served with process by serving its registered agent, CORPORATION SERVICE COMPANY D/B/A CSC-LAWYERS INCO located at 211 E. 7th Street, Ste. 620, Austin, TX 78701. Issuance of citation is requested at this time.

### III. JURISDICTION AND VENUE

4. Damages sought are within the jurisdictional limits of this Court. In accordance with Tex. R. Civ. P. 47, Plaintiff seeks monetary relief of more than $200,000 and less than $1,000,000.

5. This court has jurisdiction over this case and venue is proper in Bexar County, Texas, because all or a substantial part of the events giving rise to the cause of action occurred in Bexar County, Texas.

### IV. FACTUAL BACKGROUND

6. This lawsuit results from an unreasonably dangerous condition on Defendant's premises located at 3708 New Mathis Rd, Elemndorf, TX 78112. On or around March 20, 2020, Plaintiff was a visiting customer at Dollar General. She was walking down an aisle towards the cash registers, following traffic pattern in the way required to check out, when she tripped over empty containers left in and around the pathway. As a result, she sustained serious physical injuries.

### V. CAUSES OF ACTION

7. Plaintiff was an invitee to whom Defendant (as the owner, occupier and maintainer of the premises) owed a duty of care to protect from injury. Defendant owed Plaintiff the duty to inspect the premises, maintain them in a reasonably safe manner, and remove the premises of any defects of which they knew or should have known.

8. Defendant was negligent in maintaining the conditions of the premises and had actual or constructive notice of the condition of the premises because Defendant, or its agents, servants, or employees, knew or should have known that the toilet seat was in a state of disrepair, considering they would need to service the area to stock supplies and clean.

9. The condition of the premises posed an unreasonable risk of harm. The poor condition of the toilet seat and hinges caused Plaintiff to fall and hit herself on the ceramic bowl.

10. Defendant's employees, acting within the scope of their employment, did not exercise reasonable care to reduce or eliminate the risk. Either they did not inspect the toilet seat when cleaning the restroom, which would be negligent itself or they negligently disregarded the dangerous hazard

11. Defendant's failure to use reasonable care proximately caused Plaintiff's fall and the resulting injuries.

## VI. DAMAGES

12. The damages are within the jurisdictional limits of this Court.

13. Because of bodily injuries proximately caused by Defendants' negligence, Plaintiff is entitled to reasonable compensation for the following elements of damages both up to the time of trial and beyond:

    a. reasonable and necessary medical expenses;

    b. lost wages and lost wage earning capacity;

    c. physical impairment;

    d. physical pain and mental anguish; and

    e. disfigurement.

## VII. JURY DEMAND

14. Pursuant to TEX. R. CIV. P 216, Plaintiff requests a trial by jury and would show that the appropriate fee was paid contemporaneously with the filing of this Petition.

## VIII. PRAYER

15. Plaintiff prays that Plaintiff have judgment against Defendant for actual damages, prejudgment and post-judgment interest at the legal rates, costs of court, and all other relief, legal

and equitable, to which Plaintiff is entitled.

                                      Respectfully submitted,

                                      MCKINNEY VOS PLLC
9600 Great Hills Trail, Ste. 150W
Austin, Texas 78759
Telephone: (512) 457-8991
Facsimile: (512) 359-5527
JMcKinney@McKinneyVos.com
BVos@McKinneyVos.com

By: /s/ Jessica McKinney
**Jessica N. McKinney**
State Bar No. 2408760
**Bailey Vos**
State Bar No. 24105740

ATTORNEYS FOR PLAINTIFF

CAUSE NO. 2022CI03988

| | | |
|---|---|---|
| CLARA SOLDANI | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | 285TH JUDICIAL DISTRICT |
| | § | |
| DOLGENCORP OF TEXAS, INC. | § | BEXAR COUNTY, TEXAS |

**DEFENDANT'S ORIGINAL ANSWER**

TO THE HONORABLE JUDGE OF THE COURT:

Defendant, DOLGENCORP OF TEXAS, INC. D/B/A DOLLAR GENERAL, files this Original Answer to the *Plaintiff's Original Petition* and would respectfully show the Court the following:

**GENERAL DENIAL**

1. Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant denies all allegations contained in the Plaintiff's pleadings and demand proof of every fact and matter essential to the Plaintiff's case.

**FURTHER DEFENSES**

2. Answering further, without waiving the foregoing, pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendant asserts that Plaintiff was negligent and that such comparative fault was a proximate cause and/or the proximate cause of the incident in question and the damages claimed by Plaintiff.

3. Answering further, Defendant asserts that the injuries of which Plaintiff complains may have pre-existed and/or occurred after the incident made the basis of this suit and to the extent Plaintiff failed to follow advice or treatment recommendations of her providers or failed to seek reasonable costs associated with her care, then Defendant asserts she failed to mitigate her damages.

4. Answering further, Defendant asserts the applicability of Chapter 41 of the Texas Civil Practice & Remedies Code, which limits the recovery of medical expenses to the amounts actually paid by or on behalf of the claimant.

5. Answering further, should Plaintiff seek exemplary damages, Defendant asserts all provisions of Chapter 41 of the Texas Civil Practice & Remedies Code and all of its appropriate subsections which limits the amount of exemplary damages which may be awarded.

6. Answering further, Defendant asserts the limitation on recovery set forth in Texas Civil Practice & Remedies Code section 18.091(a) and (b) which limits awards for loss of earning capacity to net loss after federal income tax.

## DENIAL OF CONDITIONS PRECEDENT

7. Answering further, without waiving the foregoing, should Plaintiff assert that all conditions precedent to recovery have occurred, Defendant denies that all conditions precedent entitling Plaintiff to recovery have occurred. Specifically, Defendant has asserted a general denial and Plaintiff carries the burden of proof on all causes of action and the essential elements of each cause of action.

## RULE 193.7 NOTICE

8. Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendant gives actual notice to Plaintiff that any and all documents produced by Plaintiff in response to written discovery may be used against Plaintiff at any pre-trial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## DEMAND FOR JURY TRIAL

9. Defendant respectfully demands a jury trial of all issues in this cause. Defendant tenders the fee for district court, as required by Texas Government Code § 51.604.

## PRAYER

Defendant DOLGENCORP OF TEXAS, INC. D/B/A DOLLAR GENERAL, prays that the Plaintiff take nothing by reason of this suit and that the Plaintiff be discharged with her costs and that the Defendant be granted all further relief, both general and special, at law and in equity, to which it may be justly entitled.

          Respectfully submitted,

          **LUCERO│WOLLAM, P.L.L.C.**

          _____
          ERIK R. WOLLAM
          TBN: 00788705
          JULIE MERCER
          TBN: 24102198
          159 Flat Rock
          Wimberley, Texas 78676
          Telephone: (512) 485-3500
          Facsimile: (512) 485-3501
          Email: ewollam@lucerowollam.com
                 jmercer@lucerowollam.com

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of April, 2022 a true and correct copy of the foregoing was sent or delivered to all parties through counsel of record pursuant to Rule 21a T.R.C.P.

_Via E-Service:_
Jessica N. McKinney
Bailey Vos
**McKinney Vos, PLLC**
9600 Great Hills Trail, Ste. 150W
Austin, Texas 78759
jmckinney@mckinneyvos.com
bvos@mckinneyvos.com

          _____
          ERIK R. WOLLAM

https://research.txcourts.gov/CourtRecordsSearch/ViewCasePrint/16e2742b9dca5f56b81ff567dff50932

# Case Information

## Clara Soldani VS DOLGENCORP of TEXAS, Inc.
2022CI03988

| Location | Case Category | Case Type | Case Filed Date |
|---|---|---|---|
| Bexar County - 285th District Court | Civil - Injury or Damage | Premises | 3/4/2022 |

| Judge | | | |
|---|---|---|---|
| 285th, District Court | | | |

## Parties [2]

| Type | Name | Attorneys |
|---|---|---|
| Plaintiff | Clara Soldani | JESSICA MCKINNEY |
| Defendant | DOLGENCORP of TEXAS, Inc. | |

## Events [2]

| Date | Event | Type | Comments | Documents |
|---|---|---|---|---|
| 3/4/2022 | Filing | Petition | | POP.pdf |
| 3/22/2022 | Filing | AFFIDAVIT OF | Service, Dolgencorp of Texas, Inc by serving its Registered Agent, Corporation Service Company DBA CSC-Lawyers Inco | 2022002275.aff.pdf |



© 2022 Tyler Technologies, Inc. | All Rights Reserved
Version: 2022.3.0.3364